[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15710
Non-Argument Calendar
_____

D. C. Docket No. 06-61897-CV-KAM

L.M.P.,
on behalf of, E.P., D.P. and K.P., minors,

Plaintiff-Appellant,

versus

THE FLORIDA DEPARTMENT OF EDUCATION,
COMMISSIONER OF THE FLORIDA DEPARTMENT OF
EDUCATION,
John Winn,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2009)

ON PETITION FOR PANEL REHEARING

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

The previous non-published opinion issued in this case, <u>L.M.P. v. Fla. Dept. of Educ.</u>, — Fed. Appx. —, 2009 WL 1754638 (11th Cir., June 23, 2009), is hereby VACATED. In its place, on petition for panel rehearing or rehearing en banc, we file this revised opinion. The petition for panel rehearing and rehearing en banc are otherwise DENIED.

L.M.P., on behalf of her autistic triplets, E.P., D.P. and K.P. ("Triplets"), appeals from a final judgment dismissing her complaint which sought a declaration that the Triplets' right to a due process hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*,was violated because Administrative Law Judges ("ALJ") in Florida do not have authority to grant equitable relief. In dismissing L.M.P.'s complaint, the district court concluded that it lacked authority over this matter as L.M.P. had not presented a "case" or "controversy" as required by Article III of the United States Constitution.

### I. Background

This is L.M.P.'s second appeal before this Court. In her prior appeal, <u>D.P. ex. rel. E.P. v. Sch. Bd. of Broward County</u>, 483 F.3d 725 (11th Cir. 2007), L.M.P. challenged the local school district's denial of her request to continue services that the Triplets received pursuant to Individualized Family Service Plans ("IFSPs")

under the Early Intervention Program administered under Part C of the IDEA.[1]

Upon turning three years of age, the Triplets aged out of the Part C program and became eligible for services under Part B of the IDEA, which guarantees that disabled children, three years and older, receive a free appropriate public education ("FAPE"), see 20 U.S.C. § 1400(d)(1)(a), and attempts to do so through the provision of services that have been identified in a child's Individualized Education Program ("IEP"). See 20 U.S.C. § 1414. This Court concluded that the plain language of the IDEA did not entitle the Triplets to ongoing services under their IFSPs even though the local school district and the parents had not agreed on a valid IEP upon the Triplets's third birthdays. D.P., 483 F.3d at 730.

In a separate administrative proceeding, L.M.P. also raised claims that the local school district had denied the Triplets their substantive and procedural rights to a FAPE under Part B of the IDEA. The ALJ dismissed the case, but without making a determination whether the Triplets had been denied a FAPE. That case, L.M.P. on behalf of E.P., D.P., and K.P., minors v. Sch. Bd. of Broward County, Fla., Case No. 05-60845-Civ-Marra, is presently being litigated in the district court.

---

[1] "Pursuant to IFSPs, disabled infants and toddlers may be provided with developmental services such as speech, occupational, and physical therapy services; medical services for diagnosis and evaluation purposes; and social work services." D.P. ex. rel. E.P. v. Sch. Bd. of Broward County, 483 F.3d 725, 726 (11th Cir. 2007).

This appeal stems from L.M.P.'s fourth administrative action before the Florida Division of Administrative Hearings ("DOAH") in which she sought a declaration that the Florida Department of Education violated the Triplets's rights under the IDEA to a final decision in a due process hearing because the DOAH does not give its ALJs power to grant the equitable relief that L.M.P. had been seeking in this and all prior administrative proceedings. The specific equitable remedy that L.M.P. asserts that the ALJ should be authorized to provide in this appeal as well as in all previous administrative proceedings is the reimbursement of the costs incurred by the Triplets's parents for all of the services that they have provided to the children from the time of their third birthdays. The ALJ dismissed the case finding he lacked subject matter jurisdiction because L.M.P. had not claimed that the Triplets had been denied a FAPE due to the identification, evaluation, or educational placement of the Triplets. L.M.P. sought review of the unfavorable ALJ decision in district court as is provided for pursuant to § 1414 of the IDEA.

In denying L.M.P.'s motion for summary judgment, the district court concluded that the fact that the IDEA may make more remedies available to state or federal courts than it does to ALJs in administrative due process hearings does not render the decisions of the ALJs in such hearings less than "final." Later when

4

dismissing the case, the district court found that the issue of whether the ALJs should have the same equitable powers under the IDEA as the courts is speculative because L.M.P. has not yet established that the Triplets's rights to a FAPE under the IDEA has been violated such that they potentially are entitled to an equitable remedy. Specifically, the court noted that no determination has been made in an administrative hearing or state or federal court that the Triplets's IEPs are inadequate or that they are entitled to any services that the local school district has not provided and thus, the Triplets have not shown any injury that an ALJ or district court is able to redress.

## II. Discussion

Upon review of the parties' briefs, the record and the district court's orders we find no reversible error. We agree the district court properly dismissed L.M.P.'s complaint on the basis that it lacks authority to decide this matter under Article III of the United States Constitution. Federal courts are empowered under Article III to adjudicate only "cases" or "controversies." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). In order for there to be a "case" or "controversy" that a federal court can adjudicate, a plaintiff must make a sufficient showing of an injury that the court's decision-making can redress.[2]

_____

[2] Courts have developed various doctrines to evaluate the case or controversy requirement of Article III, including the doctrines of standing and ripeness. The ripeness

We agree with the district court's determination that L.M.P.'s claim that her Triplets have been denied a final decision in their due process hearing because the ALJ lacks authority to grant the equitable relief she requested, i.e. reimbursement for the costs of the services that she has been providing since the Triplets's third birthdays, is not justiciable. As an initial matter, the Supreme Court clarified in its recent decision in Forest Grove Sch. Dist. v. T.A., 129 S. Ct. 2484, 2494, n.11 (June 22, 2009), that § 1415(i)(2)(C)(iii) of the IDEA authorizes hearing officers as well as courts to order reimbursement for private-school tuition notwithstanding this provision's silence with regard to hearing officers. Moreover, such reimbursement can be ordered upon a court or hearing officer concluding that a child has been denied a FAPE. Id. at 2494, 2496.

Thus, before an ALJ or a court can consider whether L.M.P. is eligible for reimbursement for the costs of services that she has been providing for her children

doctrine "asks whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." Cheffer v. Reno, 55 F.3d 1517, 1524 (11th Cir. 1995) (citation omitted). Standing is "a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted). Standing requires the plaintiff to demonstrate: 1) an injury in fact or an invasion of a legally protected interest; 2) a direct causal relationship between the injury and the challenged action; and 3) a likelihood of redressability." Midrash, 366 F.3d at 1223 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). We find that because both doctrines, in essence, require a showing of an injury that this court's decision-making on the particular claim raised will resolve and because L.M.P. has not shown any such injury, her claim is non-justiciable under Article III.

and to order such relief in accordance with § 1415(i)(2)(C)(iii), L.M.P. must first establish that the Triplets's rights under the IDEA have been violated, i.e. that they have been denied their guaranteed right to a FAPE. See e.g., Forest Grove, 129 S.Ct. at 2494 ("When a court or hearing officer concludes that a school district failed to provide a FAPE and the private placement was suitable, it must consider all relevant factors, . . . , in determining whether reimbursement for some or all of the cost of the child's private education is warranted."); Burlington v. Dept. of Educ., 471 U.S. 359, 369-70 (1985) (holding that § 1415(i)(2)(C)(iii) includes the power to order public school authorities to reimburse parents for private-school expenditures if it is ultimately determined that such placement, rather than the IEP, is proper); M.M. ex rel. C.M. v. Sch. Bd. of Miami-Dade County, 437 F.3d 1085, 1098 (11th Cir. 2006). This she has not done (although perhaps her pending federal court complaint against the local school district will ultimately result in such a finding and open the door to appropriate reimbursement). In dismissing the Triplet's case, the ALJ explained that L.M.P. had not claimed that the Triplets had been denied a FAPE due to their identification, evaluation, or educational placement. Here, it is merely speculative whether the ALJ would order reimbursement to the Triplets's parents for the costs of the services they have been providing on their own because it has not yet been determined whether the local

7

school district has violated the Triplets's rights under the IDEA, i.e. has denied them a FAPE. Without such an injury, there is no trigger of relief under § 1415(i)(2)(C)(iii) and hence, it would be speculative on our part to discuss whether the ALJ or court would exercise their remedial powers to order reimbursement.

L.M.P. argues, however, that her asserted injury is not that the Triplets have been denied a FAPE but that they have been denied a final due process hearing and that as a result the Triplets's parents have incurred unnecessary litigation expenses. L.M.P. claims that because the ALJ in the various administrative proceedings has either not awarded the Triplets the relief they requested or has concluded that he was without jurisdiction to decide certain of L.M.P.'s claims, these administrative decisions are not "final."

The determination by the ALJ that he was without jurisdiction to render a decision on L.M.P.'s claims as presented in this case does not make that decision less than final. The relevant provisions of the IDEA statute explicitly state that the decisions at both the initial due process hearing and at the administrative review level are considered final and are capable of being reviewed by a state or federal court if the aggrieved party so chooses, which L.M.P. has done. See 20 U.S.C. § 1415(i)(1). Thus, we do not agree with the Triplets's assertion that the ALJ's failure to order the relief that they were seeking denied them a final decision in

their administrative proceeding, thereby causing them a redressable injury.  As noted earlier, the only claim in this proceeding is that the Triplets have been denied a final decision at their administrative hearing; arguing that it is not final, because in their view, the ALJ did not believe it had the authority to grant equitable relief when warranted.  Because in this case, the Triplets have not established the basis upon which it could be determined whether equitable relief would be warranted,[3] the district court did not err in its determination that the Triplets's claims in this proceeding are not justiciable.

Accordingly, the district court's dismissal of L.M.P.'s complaint is hereby **AFFIRMED.**

---

[3]  As also noted earlier, the Triplets raised claims, in a separate administrative proceeding that is currently pending in the district court, that the local school board had denied them a FAPE.  In light of the Supreme Court's decision in Forest Grove, it is clear that the district court has the authority to order reimbursement to the Triplets's parents for some or all of the cost of the Triplets's private education in the event that the court determines that the school district failed to provide the Triplets a FAPE.  129 S. Ct. at 2496.  Forest Grove also makes it clear that had the ALJ in this separate proceeding found that the Triplets had been denied a FAPE, he, too, had authority to order appropriate reimbursement.